IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GERALD T. SMITH, | ) | 4:11CV3069 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

  This matter is before the court on Petitioner Gerald T. Smith's ("Smith" or "Petitioner") Petition for Writ of Habeas Corpus. (Filing No. 1.) Liberally construing the allegations of Smith's Petition, Smith argues that he is entitled to writ of habeas corpus based on the following claims:

  Claim One:   Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* (1) the trial court did not have subject matter jurisdiction; (2) Petitioner was not made aware of his right to a jury trial, his right to confront witnesses against him, or his privilege against self incrimination; and (3) Petitioner was not examined for mental illness prior to trial.

  Claim Two:   Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his trial counsel (1) did not interview witnesses that would have given beneficial testimony on behalf of Petitioner; (2) did not investigate or present an insanity defense; (3) did not seek to quash the amended charges because they were improperly presented; and (4) did not object to the trial court's jurisdiction.

> Claim Three: Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his appellate counsel did not preserve Claims One and Two on appeal.

(Filing No. 5 at CM/ECF pp. 1-2.) For the reasons set forth below, Smith's Petition is dismissed with prejudice.

## I. BACKGROUND

### A. Smith's Conviction and Direct Appeal

On February 3, 2009, Smith pled no contest to the charge of attempted use of a firearm to commit a felony, and pled guilty to the charge of second-degree domestic assault. (Filing No. 7-2, Attach. 2, at CM/ECF p. 8.) The Butler County District Court sentenced Smith to not less than 16 nor more than 20 years on the firearm charge, and not less than 2 nor more than 5 years on the assault charge. (Filing No. 7-4, Attach. 4, at CM/ECF p. 20.) The district court ordered that the sentences be served consecutively. *Id.*

Smith timely appealed his sentences to the Nebraska Court of Appeals, arguing only that the trial court had imposed excessive sentences. (*Id.* at CM/ECF p. 27.) The Nebraska Court of Appeals summarily affirmed the district court's order. (Filing No. 7-7, Attach. 7, at CM/ECF p. 2.) Smith did not petition the Nebraska Supreme Court for further review. (*See id.*)

### B. Smith's Post-Conviction Motion and Appeal

Smith filed a motion for post-conviction relief ("post-conviction motion") in the Butler County District Court on August 6, 2009. (Filing No. 7-5, Attach. 5, at CM/ECF p. 14.) On February 23, 2010, the Butler County District Court entered an

order granting an evidentiary hearing on only one of the issues presented in Smith's post-conviction motion—that trial counsel was ineffective for failing to raise the issue of Smith's competency in the trial court. (*Id.* at CM/ECF p. 53.) Smith did not appeal this order to the Nebraska Court of Appeals. *See State v. Poindexter, 766 N.W.2d 391, 403 (Neb. 2009)* (reiterating that an order granting an evidentiary hearing on some issues presented in a post-conviction motion but denying a hearing on others is a final and appealable order). On August 27, 2010, the district court held an evidentiary hearing on the one issue, and on September 29, 2010, it denied post-conviction relief. (Filing No. 7-5, Attach. 5, at CM/ECF pp. 56-60.)

Smith timely appealed the September 29, 2010, denial of post-conviction relief to the Nebraska Court of Appeals, which summarily affirmed the district court's decision. (Filing No. 7-7, Attach. 7, at CM/ECF p. 5.) Smith sought further relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied. (*Id.* at CM/ECF p. 5.)

**C.    Smith's Petition for Writ of Habeas Corpus**

On May 6, 2011, Smith timely filed his Petition in this court. (Filing No. 1.) He filed a Brief in support of his Petition on July 21, 2011. (Filing No. 11.) In response to Smith's Petition, Respondent filed an Answer, two Briefs, and the relevant State Court Records. (Filing Nos. 7, 8, 9, and 10.) In light of these filings, the court deems this matter fully submitted.

## II.  STANDARD OF REVIEW

**A.    Standard of Review Under 28 U.S.C. § 2254(d)**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law

and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court recently noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See*

4

*Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit recently clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (quotations and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.* The Supreme Court agrees, recently stating:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

**B.     Requirement of Exhaustion**

As set forth in 28 U.S.C. § 2254(b)(1):

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i)    there is an absence of available State corrective process; or
(ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the

6

Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the

state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

### III.  DISCUSSION

**A.    Procedurally Defaulted Claims**

    **1.    Claim One**

Smith did not raise any part of Claim One on direct appeal. Indeed, the only claim Smith raised on direct appeal was that the court erred in imposing excessive sentences. (Filing No. 7-4, Attach. 4, at CM/ECF p. 27.) Smith raised Claim One in his post-conviction motion, but the Butler County District Court determined that the claim was procedurally barred because Smith had not raised it on direct appeal. (Filing No. 7-5, Attach. 5, at CM/ECF pp. 52-53.) *See Hall*, 646 N.W.2d at 579 ( "A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal."). Accordingly, Claim One is procedurally defaulted because Smith failed to follow applicable procedural rules in presenting the claim in the Nebraska state courts, and also because he cannot now raise the claim in a post-conviction motion. *See Id.*

    **2.    Claim Two (Parts 1, 3, and 4) and Claim Three**

Claim Two, Parts 1, 3, and 4, and Claim Three relate to the alleged ineffective assistance of Smith's trial and appellate counsel. Smith's first opportunity to raise these claims was in his post-conviction motion because Smith was represented by the same attorney at the trial-court level and on direct appeal. *See State v. Dunster*, 769 N.W.2d 401, 410-411 (Neb. 2009) (holding that claims of ineffective assistance of

8

counsel raised on direct appeal by the same counsel who represented the defendant at trial are premature and will not be addressed on direct appeal). As Respondent points out in his brief, these claims are procedurally defaulted because Smith did not appeal the Butler County District Court's order denying an evidentiary hearing on the claims.

In Nebraska, an order granting an evidentiary hearing on some issues presented in a post-conviction motion but denying a hearing on others is a final order. *Poindexter*, 766 N.W.2d at 403. In other words, "an order denying an evidentiary hearing on a postconviction claim is a final judgment as to such a claim." *Id.* In order to vest an appellate court with jurisdiction, the notice of appeal must be filed within 30 days of the entry of the final order. *State v. Trevino*, 556 N.W.2d 638, 640 (Neb. 1996).

Here, Smith arguably raised Claim Two, Parts 1, 3, and 4, and Claim Three in his post-conviction motion. However, the court denied an evidentiary hearing on these claims on February 23, 2010, while granting an evidentiary hearing on one separate issue—that trial counsel was ineffective for failing to raise the issue of Smith's competency in the trial court. (Filing No. 7-5, Attach. 5, at CM/ECF p. 53.) Smith did not appeal the district court's February 23, 2010, order to the Nebraska Court of Appeals. As such, the Nebraska state courts lacked jurisdiction over those claims when Smith later–arguably–raised them in his brief to the Nebraska Court of Appeals, and his petition for further review to the Nebraska Supreme Court. See *Poindexter*, 766 N.W.2d at 403 (holding that it lacked jurisdiction over claims that were not appealed within 30 days of the district court's granting of an evidentiary hearing on some issues but denial on others). Stated another way, the only claim that Smith fairly presented to the Nebraska state courts following the district court's denial of post-conviction relief was Smith's claim that trial counsel was ineffective for failing to raise the issue of Smith's competency in the trial court.

Smith did not present Claim Two, Parts 1, 3, and 4, and Claim Three in "one complete round" in the Nebraska state courts, as required by 28 U.S.C. § 2254(b)(1). Furthermore, he cannot now raise the claims in a successive motion for post-conviction relief. *See Ortiz*, 670 N.W.2d at 792. As such, they are procedurally defaulted.

### 3. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice.[1] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

Here, with respect to the existence of cause and prejudice, Smith states only that "[c]ause is established by the failure of his counsel on direct appeal to raise and preserve the federal constitutional issues central to defendant's case." (Filing No. 11 at CM/ECF p. 41.) While ineffective assistance of counsel may constitute "cause"

---

[1] Smith has not argued that the court's failure to consider Claims One, Two, and Three will result in a fundamental miscarriage of justice. Regardless, in order for Smith to invoke the fundamental-miscarriage-of-justice exception, he would have to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). He has not done so.

in some circumstances, "[n]ot just any deficiency in counsel's performance will do." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Rather, "the assistance must have been so ineffective as to violate the United States Constitution. In other words, ineffective assistance of counsel adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim" which must be presented to the state courts. *Id.* (citation omitted).

The Butler County District Court considered and rejected Smith's arguments that his trial/appellate counsel was ineffective (filing no. 7-5, attach. 5, at CM/ECF pp. 53-60), and this court must defer to the district court's determination. Furthermore, Smith offers no facts or argument to suggest that he was prejudiced by counsel's failure to raise his claims on direct appeal. As such, Claim One, Claim Two (Parts 1, 3, and 4) and Claim Three are dismissed.

**B.     Claim Two, Part 2**

Liberally construed, Smith alleges in Claim Two, Part 2 that his counsel was ineffective for failing to raise the issue of Smith's competency at the trial-court level and on direct appeal. (Filing No. 1 at CM/ECF pp. 22-24.) As set forth below, the Nebraska state courts considered and rejected this claim. The Butler County District Court addressed this claim on the merits under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

**1.     *Strickland* Standard**

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000 (8th Cir. 1991).

11

The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 690.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro*, *supra*, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### 2. State Court Findings

The Butler County District Court rejected Smith's argument that counsel was ineffective for failing to raise the issue of Smith's competency. (Filing No. 7-5, Attach. 5, at CM/ECF pp. 56-60.) It held an evidentiary hearing on the issue in which both Smith and Smith's trial/appellate counsel testified. (Filing No. 7-3, Attach. 3, at CM/ECF pp. 1-91.) In rejecting Smith's claim, it stated the following:

> In this case, defense counsel testified that he had known Defendant prior to the filing of this case. The record shows that counsel had many conversations with Defendant concerning the charges, the defenses and the plea agreement. The record demonstrates that the Defendant understood the nature of the proceedings against him, comprehended his own position in references to those charges and was able to assist counsel in the formulation of his defense. The record also shows that the Defendant affirmatively stated that he understood the proceedings at the time he entered his plea. There is nothing in the record to suggest that either defense counsel or the court should have had any doubts about Defendant's competency. Defendant has failed to

13

> sustain h[is] burden of proof that counsel was ineffective in failing to request a competency hearing.

(Filing No. 7-5, Attach. 5, at CM/ECF p. 58.)

Smith appealed the district court's order to the Nebraska Court of Appeals, which summarily affirmed the district court's decision. (Filing No. 7-7, Attach. 7, at CM/ECF p. 5.) Smith sought further relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied. (Filing No. 7-7, Attach. 7, at CM/ECF p. 5.)

### 3. Deference

The foregoing findings of fact and conclusions of law regarding Claim Two, Part 2 are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. The Nebraska state courts reviewed the evidence and determined, based on *Strickland* and other federal and state law, that Smith's trial/appellate counsel's performance was not deficient. The court agrees.

The court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Smith has not submitted any evidence, let alone clear and convincing evidence, that the Butler County District Court was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted on this issue because the Nebraska state courts correctly applied *Strickland* and other federal law.

IT IS THEREFORE ORDERED that: Smith's Petition (filing no. 1) is dismissed with prejudice.  A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of November, 2011.

> BY THE COURT:
>
> s/ Joseph F. Bataillon
> Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.